# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## NORTHERN DIVISION

JAMES HARDY, JR.; HARDY RESOURCES, LLC;                      PLAINTIFFS
B & H RESOURCES, LLC; MARY HARDY; HARDY
ENERGY SERVICES, INC.; ELITE COIL TUBING
SOLUTIONS, INC.; and NORTHSTAR FARMS, LLC


v.                              NO. 1:09CV00041 DPM/HDY


GEORGE BARTMESS                                              DEFENDANT


## ORDER


INTRODUCTION.  In August of 2010, the parties filed separate motions to compel.

See Documents 78, 82.[1]  The Court reviewed the motions and the responses thereto and

determined that the parties should meet in an attempt to narrow the scope of their

discovery dispute and/or resolve it completely.   The motions were held in abeyance

pending the parties' submission of a joint report ("report") as to the status of discovery

after their meeting.  The parties have now filed that report.  It was accompanied by an

exhibit from the plaintiffs.  Having reviewed the report and exhibit, the Court addresses

the parties' motions, addressing first the plaintiffs' motion.

---

[1]

The Court will not recite the events giving rise to the pending motions to compel.  A summary of
those events can be found in a previous order.  See Document 88.

RULE 26.   At the outset, the Court notes that a party may obtain discovery regarding any matter, not privileged, that is relevant to a claim or defense.   The relevant information need not be admissible at trial if "the discovery appears reasonably calculated to lead to the discovery of admissible evidence." See Fed. R. Civ. P. 26(b)(1).

DOCUMENT 82, THE PLAINTIFFS' MOTION TO COMPEL.   The plaintiffs initially maintained that defendant George Bartmess ("Bartmess") failed to disclose a host of documents, recordings, and photographs.   The report reflects, however, that the number of documents, recordings, and photographs still in dispute has dwindled considerably as Bartmess has produced them; has agreed to produce them; has agreed to execute an authorization permitting the plaintiffs to obtain the documents, recordings, and photographs; cannot execute an authorization for the plaintiffs on behalf of a non-party; or cannot produce a document, recording, or photograph that does not exist.   See Document 89 at 2-26.   It appears that the only discovery matter still in dispute involves request "2E," a request in which the plaintiffs seek the "[b]ank checking account payment and deposit records of George Bartmess and Bruce Bartmess from 1/2007 to 2/2009." See Document 89 at 17.   Bartmess' response to the request is as follows:

Bartmess has no such documents.

George Bartmess will execute an authorization for plaintiffs to obtain his bank checking records from 1/2007 through 11/13/2008.

Bartmess cannot execute an authorization for bank checking records for Bruce Bartmess who is not a party.

See Id. [Emphasis added].  Bartmess has failed to explain why he has agreed to execute an authorization for the plaintiffs to obtain his "bank checking account payment and deposit records" only through November 13, 2008, and not through February of 2009. The Court certainly has no idea why as the approximately three additional months of records, i.e., the records for the period from November 14, 2008, through the end of February of 2009, appear to be discoverable.  For that reason, Bartmess is ordered to execute an authorization for the plaintiffs to obtain his "bank checking account payment and deposit records" from January 1, 2007, through February 28, 2009.  He shall execute the authorization by the close of business on December 2, 2010.

The plaintiffs' motion to compel is granted in that Bartmess is ordered to execute an authorization for the plaintiffs to obtain his "bank checking account payment and deposit records" from January 1, 2007, through February 28, 2009.  In addition, he is ordered to produce all of the documents, recordings, and photographs he agreed to produce or execute the necessary authorizations permitting the plaintiffs to obtain those matters by the close of business on December 2, 2010.  If Bartmess fails to adhere to his agreement as to the matters he has agreed to produce, has agreed to execute an authorization for, or the plaintiffs later ascertain that a matter represented not to exist does in fact exist, the plaintiffs may renew their motion and the Court will consider imposing sanctions.  The plaintiffs' motion is denied in all other respects; no sanctions will be awarded at this time.

<u>DOCUMENT 78, BARTMESS' MOTION TO COMPEL</u>.  Bartmess initially maintained that the plaintiffs failed to disclose a host of documents and recordings.  The report reflects, however, that the number of documents and recordings still in dispute has dwindled considerably as the plaintiffs have produced or agreed to produce most of the documents and recordings requested by Bartmess.  In fact, after carefully reviewing the report and accompanying exhibit, the Court is unable to ascertain what matters remain in dispute as the plaintiffs' responses, though not a model of clarity, appear to largely address Bartmess' requests.  The only troubling aspect of the plaintiffs' responses involves an assertion of a privilege as to certain documents.  The Court has no idea what information is contained in those documents, the basis for the plaintiffs' assertion of a privilege, or whether the privilege shields the information contained in the the documents.  Without more, it is impossible for the Court to address the propriety of their assertion.

Bartmess' motion to compel is granted in the following respect: the plaintiffs shall either: (1) produce the document or recording sought by Bartmess, or (2) state that it does not exist, cannot be obtained, or is shielded by a privilege.  If a privilege is claimed, they must provide him with what he characterizes as a "privilege log."  They shall comply with the foregoing directives by the close of business on <u>December 2, 2010</u>. If they fail to do so, or Bartmess ascertains that a matter represented not to exist does in fact exist, he may renew his motion and the Court will consider imposing sanctions. His motion is denied in all other respects; no sanctions will be awarded at this time.

SUMMARY.  The plaintiffs' motion to compel is granted in that Bartmess is ordered to execute an authorization for the plaintiffs to obtain his "bank checking account payment and deposit records" from January 1, 2007, through <u>February 28, 2009</u>.  <u>See</u> Document 82.  In addition, he is ordered to produce all of the documents, recordings, and photographs he agreed to produce or execute the necessary authorizations permitting the plaintiffs to obtain those matters by the close of business on <u>December 2, 2010</u>.  If Bartmess fails to adhere to his agreement as to the matters he has agreed to produce, has agreed to execute an authorization for, or the plaintiffs later ascertain that a matter represented not to exist does in fact exist, the plaintiffs may renew their motion and the Court will consider imposing sanctions.  The plaintiffs' motion is denied in all other respects; no sanctions will be awarded at this time.

Bartmess' motion to compel is granted in the following respect: the plaintiffs shall either: (1) produce the document or recording sought by Bartmess, or (2) state that it does not exist, cannot be obtained, or is shielded by a privilege.  <u>See</u> Document 78.  If a privilege is claimed, they must provide him with what he characterizes as a "privilege log."  They shall comply with the foregoing directives by the close of business on <u>December 2, 2010</u>.  If they fail to do so, or Bartmess ascertains that a matter represented not to exist does in fact exist, he may renew his motion and the Court will consider imposing sanctions.  His motion is denied in all other respects; no sanctions will be awarded at this time.

IT IS SO ORDERED this __3__ day of November, 2010.


_____

UNITED STATES MAGISTRATE JUDGE