IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

JAMES HARDY, JR.; HARDY RESOURCES, LLC;                             PLAINTIFFS
B & H RESOURCES, LLC; MARY HARDY; HARDY
ENERGY SERVICES, INC.; ELITE COIL TUBING
SOLUTIONS, INC.; and NORTHSTAR FARMS, LLC


v.                          NO. 1:09CV00041 DPM/HDY


HELEN BARTMESS, Executrix of the Estate of                           DEFENDANT
George Bartmess


## ORDER

On January 20, 2011, the defendant filed the pending motion for judgment on the pleadings. See Document 94. The defendant accompanied the motion with several documents, one of which was an appendix that purported to be an abstract of relevant facts alleged in the plaintiffs' first supplemental, amended, and restated complaint.

On January 28, 2011, the defendant filed the pending motion to file exhibits under seal. See Document 97. In the motion, the defendant asked to file under seal four document relevant to the motion for judgment on the pleadings. The four documents were: (1) a "Letter of Intent" or "Project Proposal," identified as Exhibit 1; (2) a "LLC Membership Interest Purchase Agreement," identified as Exhibit 2; (3) a "Buy-Sell Agreement," identified as Exhibit 3; and (4) an assignment, identified as Exhibit 4.

On February 3, 2011, the plaintiffs filed two separate pleadings. First, they filed the pending motion to strike and objections to the proposed exhibits offered by the defendant in connection with the motion for judgment on the pleadings. See Document 101. In the plaintiffs' motion, they did not oppose the defendant's request to place under seal the "Buy-Sell Agreement," identified as Exhibit 3, or the assignment, identified as Exhibit 4. The plaintiffs did object, however, to the request to place under seal the "Letter of Intent" or "Project Proposal," identified as Exhibit 1, and the "LLC Membership Interest Purchase Agreement," identified as Exhibit 2.

With regard to the "Letter of Intent" or "Project Proposal," identified as Exhibit 1, the plaintiffs maintained, inter alia, that it is "nothing more than two pages from the project draft outline" and "does not represent an agreement between the parties ..." See Document 101 at 2. With regard to the "LLC Membership Interest Purchase Agreement," identified as Exhibit 2, the plaintiffs maintained that it is not a complete copy of the "LLC Membership Interest Purchase Agreement" but is instead an incomplete copy of that document.

The plaintiffs also objected to the appendix filed by the defendant in connection with the motion for judgment on the pleadings. They maintained that the appendix is not "an agreed summation of the pleadings and is simply defense counsel's arguments as to what the pleading say." See Document 101 at 4. The plaintiffs asked that the appendix be struck.

Second, the plaintiffs filed the pending motion for "leave to seal and file under seal exhibits to motion to strike and objections to proposed exhibits offered by defendant in connection with motion for judgment on the pleadings." See Document 102. The motion was virtually identical to their motion to strike, see Document 101, save the plaintiffs' request to file under seal "the deposition transcript portions and accurate copies of Exhibit 8, 8A, and 10 …" See Document 102 at 3-4.[1]

The defendant in turn filed two separate pleadings on February 4, 2011. The defendant filed a response to the plaintiffs' motion to strike and a reply to the plaintiffs' objections to the proposed exhibits offered by the defendant in connection with the motion for judgment on the pleadings. In the defendants' response/reply, the defendant addressed the plaintiffs' objections to the "Letter of Intent" or "Project Proposal," identified as Exhibit 1; the "LLC Membership Interest Purchase Agreement, identified as Exhibit 2; and the appendix filed by the defendant in connection with the motion for judgment on the pleadings. With regard to the "Letter of Intent" or "Project Proposal," identified as Exhibit 1, the defendant represented the following:

---

[1] The Court understands exhibit 8 and exhibit 8A to be the same documents. They are apparently the allegedly incomplete copies of the "LLC Membership Interest Purchase Agreement" that the defendant offered during the depositions of James and John Hardy, specifically, Exhibit 8 was offered by the defendant during the deposition of James Hardy and Exhibit 8A was offered by the defendant during the deposition of John Hardy. See Document 102 at 2-3. Exhibit 8 and exhibit 8A are apparently identical to Exhibit 2 offered by the defendant in connection with the motion to file exhibits under seal. The Court understands Exhibit 10 to be what the plaintiffs purport to be the complete copy of the "LLC Membership Interest Purchase Agreement." It was apparently designated as Exhibit 10 during the depositions of James and John Hardy.

> In regard to Ex. 1 filed under seal, it has come to the defendant's attention that he apparently failed to include the full and complete document of the "Project Proposal" or "Letter of Intent" in that it consists of three pages, the last of which was signed by plaintiff James Hardy, Jr. and defendant and witnessed by plaintiff John Hardy and Ed Bell. Attached hereto is a full and complete copy of said document which defendant would request to be substituted as Ex. 1 under seal.

See Document 103 at 2. With regard to the "LLC Membership Interest Purchase Agreement," identified as Exhibit 2, the defendant represented, in part, the following: "To avoid further quibbling and arguments of such a nature as how many angels can dance on the head of a pin, defendant has attached hereto as a substitute Ex. 2 under seal, a copy of the document which plaintiffs refer to as Ex. 10 of the deposition …" See Document 103 at 2. With regard to the appendix filed by the defendant in connection with the motion for judgment on the pleadings, the defendant represented that the appendix contains no argument and, even if it does, argument is allowed.[2]

The plaintiffs responded by filing a second motion to strike on February 8, 2011. See Document 107. In that submission, they objected to the defendant's request to file under seal the <u>substituted</u> Exhibit 1, i.e., the three page "Letter of Intent" or "Project Proposal." The plaintiffs' maintained that the document is a sham and buttressed that assertion with affidavits from James and John Hardy.

---

[2] On February 4, 2011, the defendant also filed a response to the plaintiffs' motion for "leave to seal and file under seal exhibits to motion to strike and objections to proposed exhibits offered by defendant in connection with motion for judgment on the pleadings." See Document 104. The defendant's response added little.

On February 18, 2011, the defendant filed a combined response to the plaintiffs' second motion to strike and a "motion to substitute and file exhibit under seal." <u>See</u> Exhibit 116. In that submission, the defendant asked to replace Exhibit 1 <u>and</u> <u>substituted</u> Exhibit 1 with <u>substituted</u> Exhibit 1-A and to file <u>substituted</u> Exhibit 1-A under seal as an exhibit to the motion for judgment on the pleadings.

The Court begins an analysis of the issues at bar by noting that two documents are clearly not in dispute, <u>i.e.</u>, the "Buy-Sell Agreement," identified as Exhibit 3; and (4) an assignment, identified as Exhibit 4. Those documents will be filed under seal as Exhibits 3 and 4 to the defendant's motion for judgment on the pleadings.[3]

It also appears that the dispute over the "LLC Membership Interest Purchase Agreement" has been resolved. The defendant has withdrawn Exhibit 2 and replaced it with <u>substituted</u> Exhibit 2, which the defendant represents to be the same document that was identified as Exhibit 10 during the depositions of James and John Hardy. The plaintiffs cannot now object to <u>substituted</u> Exhibit 2/Exhibit 10 as they previously maintained that "Exhibit 10 was afforded defense counsel as the actual, complete ['LLC Membership Interest Purchase Agreement.']" <u>See</u> Document 102 at 3. The <u>substituted</u> "LLC Membership Interest Purchase Agreement" will be filed under seal as <u>substituted</u> Exhibit 2 to the defendant's motion for judgment on the pleadings.

---

[3] The defendant's motion for judgment on the pleadings was accompanied by four exhibits that were marked Exhibits A-D. <u>See</u> Document 94. In order to differentiate between those exhibits and the exhibits the defendant seeks to now file under seal, the latter exhibits will be designated in a numerical fashion.

What, then, of the "Letter of Intent" or "Project Proposal," identified as <u>substituted</u> Exhibit 1-A?  After the submission of the pleadings identified above, the plaintiffs notified the Court that they have no objection to <u>substituted</u> Exhibit 1-A. Accordingly, <u>substituted</u> Exhibit 1-A will be filed under seal as <u>substituted</u> Exhibit 1-A to the defendant's motion for judgment on the pleadings.

The plaintiffs also object to the appendix filed by the defendant in connection with the motion for judgment on the pleadings.  The Court will not strike the appendix as the plaintiffs request.  The Court will give the appendix the weight it ultimately deserves.

The question remains as to what to do with the other documents the parties submitted in support of, and in response to, the defendant's motion to seal, <u>i.e.</u>, original Exhibit 1, <u>substituted</u> Exhibit 1, original Exhibit 2, and the plaintiffs' Exhibits 8, 8A, and 10 ("the additional exhibits"). Because the additional exhibits are similar to the exhibits going under seal, the additional exhibits likely contain information that should be accorded some protection.  Because the additional exhibits are a part of the record, returning them to the parties is not a viable option.  Instead, the Court directs the Clerk of the Court to also file under seal original Exhibit 1, <u>substituted</u> Exhibit 1, original Exhibit 2, the plaintiffs' Exhibits 8, 8A, and 10, and any other exhibit submitted in support of, and in response to, the defendant's motion to seal that is not <u>substituted</u> Exhibit 1-A, <u>substituted</u> Exhibit 2, Exhibit 3, or Exhibit 4.

In accordance with the foregoing findings and conclusions, the Court orders the following:

(1) The defendant's motion to file exhibits under seal is granted.  See Document 97.  The Clerk of the Court is ordered to file the following documents under seal as exhibits in support of the defendant's motion for judgment on the pleadings:

(A) The defendant's <u>substituted</u> Exhibit 1-A, which is the third "Letter of Intent" or "Project Proposal" submitted by the defendants in connection with their motion to seal.

(B) The defendant's <u>substituted</u> Exhibit 2, which is the second "LLC Membership Interest Purchase Agreement" submitted by the defendants in connection withe their motion to seal.

(C) The defendant's Exhibit 3, which is the "Buy-Sell Agreement."

(D) The defendant's Exhibit 4, which is the assignment.

(2) The plaintiffs' first motion to strike is denied.  See Document 101.

(3) The plaintiffs' motion for "leave to seal and file under seal exhibits to motion to strike and objections to proposed exhibits offered by defendant in connection with motion for judgment on the pleadings" is granted.  See Document 102.

(4) The plaintiff's second motion to strike is denied.  See Document 107.

(5) The defendant's motion to substitute and file <u>substituted</u> Exhibit 1-A under seal is granted.  See Document 116.

(6) The Clerk of the Court shall also file under seal original Exhibit 1, <u>substituted</u> Exhibit 1, original Exhibit 2, the plaintiffs' Exhibits 8, 8A, and 10, and any other exhibit submitted in support of, and in response to, the defendant's motion to seal that is not <u>substituted</u> Exhibit 1-A, <u>substituted</u> Exhibit 2, Exhibit 3, or Exhibit 4.  The additional exhibits shall be maintained separate and apart from <u>substituted</u> Exhibit 1-A, <u>substituted</u> Exhibit 2, Exhibit 3, and Exhibit 4.

IT IS SO ORDERED this ___28___ day of February, 2011.

_____
UNITED STATES MAGISTRATE JUDGE