IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

JAMES HARDY, JR.; HARDY RESOURCES
LLC; JOHN HARDY; EVERGREEN PROCESSING, LLC,
formerly B&H RESOURCES, LLC; MARY HARDY;
HARDY ENERGY SERVICES, INC.; ELITE
COIL TUBING SOLUTIONS LLC; and
NORTHSTAR FARMS LLC                                                      PLAINTIFFS

v.                                     No. 1:09-cv-41-DPM

HELEN BARTMESS, Executrix of the
Estate of George Bartmess                                                 DEFENDANT

ORDER

Counsel and the Court had a productive status conference on 20 October 2011.

**1. Claims.** The Court much appreciates the Hardy Interests' winnowing their active complaint to four core claims: fraud, breach of fiduciary duty, tortious interference with contracts with third parties, and breach of the LLC Membership Purchase Agreement. All other substantive claims were withdrawn as duplicative and are therefore dismissed without prejudice. It was clear that, as the Court requested in the recent Order, counsel for the Hardy Interests put time and thought before the hearing into whether some

claims were duplicative. Narrowing the issues is a big step toward getting the parties' dispute adjudicated promptly, fairly, and efficiently.

On damages, the Court notes the Hardy Interests' intention to pursue all the various elements of damage mentioned in the active complaint. The Hardy Interests are considering whether declaratory relief is needed.

Bartmess moved for partial summary judgment on injunctive relief right before the status conference. *Document No. 203.* The Hardy Interests agreed at the conference that George Bartmess is beyond the reach of this Court's orders. And having considered the matter further, the Hardy Interests have promptly responded to the motion. *Document No. 206.* The Court agrees with the parties' analysis: the Court has denied the Hardy Interests' motion to add claims against Bruce Bartmess and Helen Bartmess individually; and the Hardy Interests' claims for injunctive relief were mooted by George Bartmess's death. The Hardy Interests' request to withdraw those claims is granted. They are dismissed without prejudice. Bartmess's motion for partial summary judgment is denied as moot.

**2. Schedule.** The Amended Final Scheduling Order is modified and supplemented:

   Dispositive Motions Due . . . . . . . . . . . . . . . . . . . . . . . .11 November 2011

   Responses Due . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .2 December 2011

   Replies Due . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .9 December 2011

The Court will hear oral argument on dispositive motions on 15 December 2011 at 1:30 p.m. in Little Rock.

  **3. Motion Procedure.** The parties will use a master set of agreed exhibits for the motions.  Bartmess will propose a list by 31 October 2011; the Hardy Interests will promptly advise of any additions or corrections.  A complete condensed copy of any cited deposition will be used as the exhibit.  The Court would appreciate Bartmess sending a courtesy paper copy of the joint exhibits to chambers.  The parties will exchange usable electronic copies of their Local Rule 56.1 Statements and follow interrogatory form.

  **4. Length of Trial.**  The Court was able to reserve the Batesville Courtroom for a second week of trial.  The Court appreciates the Hardy Interests' willingness to reflect on their planned testimony and the trial days needed. They will file a status report by 7 December 2011.  While we have the Batesville courtroom, going into a second week will require the Court to postpone trials in other cases.  But if continuing the other cases is necessary for

the Hardy Interests and Bartmess to be fully heard on their dispute, then the Court will postpone the other trials without hesitation.

* * *

Motion, *Document No. 203*, denied as moot. Amended Final Scheduling Order, *Document No. 202*, amended further.

So Ordered.

*DPMarshall Jr.*
D.P. Marshall Jr.
United States District Judge

25 October 2011