# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

JAMES HARDY, JR.; HARDY RESOURCES,
LLC; JOHN HARDY; EVERGREEN PROCESSING, LLC,
formerly B&H RESOURCES, LLC; MARY HARDY;
HARDY ENERGY SERVICES, INC.; ELITE
COIL TUBING SOLUTIONS, LLC; and
NORTHSTAR FARMS, LLC                                     PLAINTIFFS

v.                          No. 1:09-cv-41-DPM

HELEN BARTMESS, Executrix of the
Estate of George Bartmess                                DEFENDANT

## ORDER

The Court appreciates the parties' filings, drafts, and thoughts. They should close their transactions as soon as possible and no later than 12 December 2014. The parties must file a joint report to the Court by 19 December 2014.

1. The proposed warranty deed on the 377 and the 686 — Exhibit A to № 313 — is approved. The rotation note is appropriate because it was present in the original Bartmess/B&H Resources deed. The warranty is standard. It echos what Bartmess gave to Evergreen/B&H Resources. As to any pre-

existing claim, Bartmess's prior warranty probably creates a wash with the warranty Evergreen/ B&H Resources will give. Even though this transaction is a reconveyance, Bartmess is entitled to the usual protections. Crafting limitations would, the Court concludes, create complexity and uncertainty when this dispute needs simplicity and clarity.

**2.** The proposed release deed from First National Bank of Izard County — Exhibit B to № 313 — is approved. The rotation note isn't needed here because the release needs to track the mortgage.

**3.** The proposed release deed from Celtic Bank Corporation — Exhibit C to № 313 — is approved. The Court agrees with both sides: the Hardy Interests are free to work things out, as they apparently have, with Celtic Bank in the way that's best for them; but this release deed is necessary, as Bartmess notes, to clear the lien.

**4.** The reciprocal waiver — Exhibit 3 to № 316 — is approved. Mutual waivers are fair, as well as prudent. The Court appreciates the Hardy Interests' suggesting them and Bartmess preparing the revised draft.

**5.** Bartmess's request for some kind of document warranting that no other liens or encumbrances exist, № 313 at ¶ 5, seems to have dropped out

of the briefing. If this request is not moot, then the Court denies it. The warranty in Exhibit A will cover any such lien or encumbrance. Suspenders over the belt aren't needed and could create a future tangle. Bartmess's reasonable request for a copy of the assignment of sand to Celtic Bank is granted. If the Hardy Interests have not already done so, they must provide a copy by 14 November 2014.

      So Ordered.

*[signature]*
D.P. Marshall Jr.
United States District Judge

7 November 2014