IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

JAMES HARDY, JR.; HARDY RESOURCES LLC;
MARY HARDY; HARDY ENERGY SERVICES, INC.;
ELITE COIL TUBING SOLUTIONS, LLC.;
EVERGREEN PROCESSING LLC, f/k/a B&H
Resources LLC; NORTHSTAR FARMS, LLC;
and JOHN HARDY                                              PLAINTIFFS

v.                    Case No. 1:09-cv-41-DPM

HELEN BARTMESS, as executrix of
the estate of George Bartmess                               DEFENDANT

ORDER

1. The Court held a hearing on 23 July 2015 to get a status report and to provide John Hardy, James Hardy, Jr., and Evergreen Processing, LLC, an opportunity to show case why they should not be held in contempt for not obeying this Court's 24 April 2015 Order, № 336. New counsel appeared at the hearing for John Hardy, James Hardy, Jr., and Mary Hardy only. He moved the Court *ore tenus* to recuse based on prior counsel's under seal addendum in support of the renewed request to withdraw, № 329. The Court got an update on the litigation in general, heard argument on the recusal issue and took it under advisement, and deferred a ruling on contempt.

**2.** The Court denies the motion to recuse. All material things considered, I don't believe a person with full information could reasonably question my impartiality. 28 U.S.C. § 455(a); *Fletcher v. Conoco Pipe Line Company*, 323 F.3d 661, 664 (8th Cir. 2003).

*First*, the Court sees no violation of the Arkansas Rules of Professional Responsibility by prior counsel, Szwak. Compliance with a court order cloaks a lawyer's disclosure of confidential information. Arkansas Rule of Professional Conduct 1.6(b)(6). Szwak offered, and this Court ordered, a supplemental filing to discern the width and depth of the Szwak/Hardys falling out. № *325*. Szwak tried to withdraw in the fall of 2014, № *310*, but the Court denied that request because of Szwak's long experience in the case and we seemed to be almost done, № *311 at 9*. As the Hardys' new lawyer pointed out at the hearing, withdrawal is a last resort and mustn't be allowed lightly. Szwak had to show good cause for withdrawal. Arkansas Rule of Professional Conduct 1.16(b) & (c).

*Second*, I've presided over this case for more than five years. The litigation has been complicated and contentious. I've ruled for and against each side on various issues. All the proceedings have shaped my views about

the parties and their dealings. This is the way a lawsuit works, and provides no basis for recusal. *Holloway v. United States*, 960 F.2d 1348, 1351 (8th Cir. 2002). It's a stretch to contend that the five-page addendum could work any substantial change in five years' worth of impressions.

*Third*, the addendum itself. As I said at the July hearing, I had no specific memory of its contents. I've now reviewed it. Most of the contents are unremarkable. There's some hyperbole. There are opinions beyond the "state of the relationship" issues. Szwak probably said more than necessary. But this was a matter of judgment; different lawyers have different styles. Again, I've been reading Szwak's filings for five years. And I'm familiar with his erring on the side of thoroughness. There's nothing nuclear in the addendum.

*Last*, and perhaps most importantly, is the timing of everything. I construed and enforced the parties' settlement agreement in September 2014. I ordered the Hardy interests then to covey the 377, the mineral rights in the 686, and the surface rights in the 686 if Bartmess returned the purchase price. *№ 311*. During the next seven months, we went back and forth about the deeds and getting the closings done. Then Szwak filed the addendum in April 2015. *№ 329*. The root decision the Hardys' disagree with, and would prefer

not to implement, was made several months before Szwak filed his addendum. And a party's dissatisfaction with merits rulings is an insufficient basis for disqualification. *Liteky v. United States*, 510 U.S. 540, 549 (1994); *Lefkowitz v. Citi-Equity Group, Inc.*, 146 F.3d 609, 611–12 (8th Cir. 1998).

**3.** The Court directs the Hardys' new lawyer to deliver the approved warranty deeds to Bartmess's lawyer—with a caveat. Here's the caveat: Bartmess has pressed for the deeds with full knowledge of the existing liens on the 377 and 686; she's accepting delivery with that knowledge; she is therefore estopped to assert any violation of the deeds' warranties by the Hardy interests as to the existing liens. In other words, Bartmess has a claim for breach of the settlement agreement based on the Hardy interests' inability to convey good and clear title now, but she has no claim arising from the deeds themselves, which Bartmess has requested forthwith notwithstanding the liens. The deeds are a shield against third parties not involved in the liens. The deeds are not arrows in Bartmess's quiver for future litigation against the Hardys. Notice of receipt from Bartmess due by 30 October 2015.

**4.** The show cause Order, № 340, is discharged. The Hardy interests executed and gave the deeds to their new lawyer in good faith. He brought

them to the April hearing and promised delivery forthwith whenever required. While the Court does not commend the Hardy interests' foot dragging, the Court understands it. The litigation circumstances presented are extraordinary.

**5.** Suggestion of bankruptcy, № 343, noted. The case is stayed as to Elite Coil Tubing Solutions, LLC, only. Status report from the Hardy Interests on the involuntary proceeding due by 22 January 2016.

**6.** The Court endorses the parties' views that bringing some or all of the three related cases together before one judge now makes good sense. It remains to the parties, though, to seek any transfer.

So Ordered.

*D.P. Marshall Jr.*
D.P. Marshall Jr.
United States District Judge

19 October 2015